IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-236-BO

| | |
|---|---|
| PAUL B. HETZEL,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., TRG<br>SETTLEMENT SERVICES, LLP d/b/a CCS<br>CONVENIENT CLOSING SERVICES,<br>TRUSTEE SERVISES OF CAROLINA, LLC,<br>SELECT PORTFOLIO SERVICING, INC., and<br>U.S. BANK NATIONAL ASSOCIATION as<br>Trustee for Chase Mortgage Finance Corporation<br>Multi-Class Mortgage Pass-Through Certificates,<br>Series 2006-A1<br><br>    Defendants. | **ORDER** |

This matter is before the Court on three separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 21; 29; and 33] and plaintiff's motion to amend the complaint [DE 51]. Defendants JPMorgan Chase Bank, N.A. ("Chase") and U.S. Bank National Association ("U.S. Bank") bring one of the motions to dismiss, defendant Trustee Services of Carolina, LLC ("Trustee Services") brings another, and defendant TRG Settlement Services, LLP ("TRG") brings the last motion to dismiss. The motions are ripe for adjudication. A hearing was held on the motions to dismiss in Elizabeth City, North Carolina on May 21, 2014 at 2:00 p.m. For the reasons stated herein, plaintiff's motion to amend the complaint is GRANTED IN PART and DENIED IN PART, Trustee Services's motion to dismiss is GRANTED, TRG's motion to dismiss is DENIED without prejudice, and Chase and U.S. Bank's motion to dismiss is GRANTED IN PART and DENIED IN PART without prejudice.

## BACKGROUND

This case arises out of what plaintiff alleges is a botched real estate transaction.[1] In 2009, Mr. Hetzel owned three properties located at 201 Salter Path Road in Pine Knoll Shores, North Carolina ("Salter Path Road Property"), 160 Acton Road ("Acton Road Property") in Annapolis, Maryland, and 140 Spa Drive ("Spa Drive Property") also in Annapolis Maryland. In May 2009, all three properties were subject to loans with Chase, with outstanding principal balances totaling over $3 million. At that time, Mr. Hetzel had a good credit score and was current on all three loans with Chase. He then developed a plan to refinance all three properties with Merrill Lynch in order to save over $130,000 per year in interest payments.[2] Mr. Hetzel initiated his plan to refinance all three properties starting with the Spa Drive Property in May 2009.

Merrill Lynch enlisted the services of defendant TRG to handle the settlement and closing of its loan. TRG communicated with Chase to get the pay-off amount for the existing Spa Drive Property loan. TRG then instructed Mr. Hetzel to wire personal funds to its escrow account for the purposes of the closing and instructed him to refer to the Merrill Lynch loan number when initiating the wire. TRG then closed the transaction on or about May 5, 2009 and disbursed the funds to Chase. During this process, Mr. Hetzel relied on TRG and Chase to properly arrange the closing of the loans and disbursement of funds to pay Chase for the Spa Drive Property and to initiate the Merrill Lynch loan. He followed the instructions provided by TRG. However, the funds were misapplied and the Salter Path Road Property was paid off instead of the Spa Drive Property.

---

[1] For purposes of ruling on the instant motions to dismiss, the Court accepts as true all of the allegations in the complaint. The Court notes that this background section is based on the allegations.
[2] Mr. Hetzel alleges that his Chase loans were subject to over 6% interest whereas Merrill Lynch offered a very low interest rate of about 2.125%.

2

On May 22, 2009, a certificate of satisfaction for the Deed of Trust of the Salter Path Road property was recorded in the Carteret County Registry. After learning of the closing mistake, Chase unilaterally re-recorded the Deed of Trust for the Salter Path Road Property on June 24, 2009. Chase informed Mr. Hetzel that the Salter Path Road loan was reinstated as of August 15, 2009, but did not record a rescission of certificate of satisfaction until March 4, 2013.

Mr. Hetzel brings six claims in this action. He alleges claims against Chase for negligence, negligence per se, violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), and breach of contract. He alleges claims against TRG for negligence, breach of fiduciary duty, and violation of the UDTPA. Finally, he seeks a declaratory judgment that he is the owner of the Salter Path Road Property in fee simple free and clear of Chase's lien.

Plaintiff now seeks to amend his complaint in order to bring a claim for injunctive relief against Trustee Services, to plead additional facts regarding the circumstances surrounding the May 2009 loan closing transaction, to bring a claim for breach of the implied covenant of good faith against Chase, to add Chase as a party to the existing claim for breach of fiduciary duty and to plead additional facts which support his theory of equitable estoppel.

## DISCUSSION

I.   MOTION TO AMEND.

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15. It is within the discretion of the Court to allow or deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the right to amend is not unfettered, "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation

3

omitted). However, the Court has ample discretion to deny a motion to amend a complaint as long as the Court does not "outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting *Foman*, 371 U.S. at 182).

In response to defendants' motions to dismiss, in addition to filing briefs in opposition, plaintiff filed a motion to amend his complaint. However, despite all of the motions to dismiss being filed by February 14, 2014, plaintiff waited until the literal last minute to file his motion to amend. Plaintiff filed that motion on May 19, 2014, after all of the motions to dismiss had become ripe and only two days before this Court's hearing on the motions to dismiss. Further, plaintiff waited until the morning of the hearing to file his memorandum in support of his motion to amend. After defense counsel had prepared for the hearing on one set of issues, plaintiff filed the motion to amend in which he claimed to cure the issues raised in the motions to dismiss. Bringing this motion to amend on the eve of the hearing on the motion to dismiss was prejudicial to defendants. Although prejudicial, this Court will provide defendants with an opportunity to fully argue the issues raised by plaintiff in his second amended complaint and therefore, while prejudice exists, it is not of such substance as to justify a denial of this motion to amend.

However, the proposed amendment would be futile as applied to two parties, Trustee Services and U.S. Bank, and two claims, the claim for declaratory judgment, and the claim to enjoin the foreclosure proceeding against the Salter Path Road Property. Therefore the motion to amend is denied as to the effects it has on these claims and parties.

In the second amended complaint, plaintiff seeks to have the Court declare that (1) the deed of trust associated with the Salter Path Road Property mortgage is invalid because the deed of trust was effectively canceled by the certificate of satisfaction, and (2) the re-recorded deed

4

and the rescission of certificate of satisfaction were unauthorized, ineffective, and/or void. Plaintiff bases his claim to enjoin the foreclosure proceeding on the same theory. Chase argues that N.C. Gen. Stat. § 45-36.6(b) allows for the unilateral rescission of a certificate of satisfaction and therefore plaintiff has no claim based on the rescission.

> Gen. Stat. § 45-36.6(b) reads:
>
> If a release is recorded in error or a security instrument is erroneously satisfied of record, then the secured creditor or the person who caused the release to be recorded in error or the or the security instrument to be erroneously satisfied of record may execute and record a document of rescission. . . . Upon recording, the document of rescission . . . rescinds the satisfaction of record of the security instrument and reinstates the security instrument.

Although plaintiff argues that the certificate of satisfaction was not recorded in error, because it was the natural result of the loan funds being applied to the Salter Path Road mortgage, the facts as alleged here show that to not be the case. Plaintiff's argument that it was the satisfaction of the account itself that was error, not the recording of the certificate of satisfaction is a distinction without a difference. The certificate of satisfaction here was recorded in error because the loan was satisfied in error. Plaintiff points to no statute or case law that holds differently. Because plaintiff has not alleged any facts in the second amended complaint which would allow him to succeed on the merits of his declaratory judgment claim or his claim to enjoin foreclosure, those proposed amendments are futile and are not allowed.

Accordingly, plaintiff's motion to amend his complaint is granted in part and denied in part. All amendments are allowed except for those which pertain to the claims for declaratory judgment and to enjoin foreclosure regarding the Salter Path Road Property. Those proposed amendments are futile and therefore not allowed.

5

II. MOTIONS TO DISMISS.

Because the Court has allowed to motion to amend in part, the pleaded facts and claims contained in the complaint now before the Court are different from those contained in the complaint to which defendants directed their motions to dismiss. In order to better define the arguments presented to the Court, the Court denies without prejudice most of the motions to dismiss in order to allow defendants to refile motions to dismiss that are appropriately tailored to the second amended complaint that is now before the Court. [DE 51-1]. However, as the Court found *supra* Part I that the proposed amendments to the complaint as they pertain to U.S. Bank and Trustee Services and the claim for declaratory judgment and proposed claim to enjoin the foreclosure proceeding against them are futile, the Court grants the motions to dismiss as they pertain to these parties and claims.

U.S. Bank is a party to this action only to the extent it is a trustee of Chase's regarding the Salter Path Road Property. Similarly, Trustee Services is only a party in the complaint because plaintiff argues that it is a necessary and proper party to the determination of the claims for declaratory relief and enjoinment in this matter. Because the declaratory judgment involving this property is properly dismissed for the reasons laid out *supra* Part I, and the proposed amendment to bring a claim to enjoin foreclosure is futile, U.S. Bank and Trustee Services are properly dismissed as parties to this action.

Accordingly, Chase and U.S. Bank's motion to dismiss is granted in part and denied in part without prejudice, Trustee Services's motion to dismiss is granted, and TRG's motion to dismiss is denied without prejudice. The claim for declaratory judgment is dismissed and U.S. Bank and Trustee Services are dismissed as parties to this action. The remaining claims against

6

Chase and TRG are allowed to proceed without prejudice to their filing new motions to dismiss that are properly tailored to the second amended complaint. [DE 51-1].

## CONCLUSION

For the foregoing reasons, defendant Chase and U.S. Bank's motion to dismiss [DE 21] is GRANTED IN PART and DENIED IN PART without prejudice. Trustee Services's motion to dismiss [DE 29] is GRANTED. TRG's motion to dismiss [DE 33] is DENIED without prejudice. Plaintiff's motion to amend [DE 51] is GRANTED IN PART and DENIED IN PART. The claim for declaratory judgment is dismissed and U.S. Bank and Trustee Services are dismissed as parties to this action. The proposed amendments to the complaint are allowed except as to the parts pertaining to U.S. Bank, Trustee Services, the declaratory judgment claim, and the claim to enjoin foreclosure which are denied as futile. The remaining claims against Chase and TRG are allowed to proceed without prejudice to their filing new motions to dismiss that are properly tailored to the second amended complaint. Plaintiff is ORDERED to file a second amended complaint consistent with this order by August 1, 2014.

SO ORDERED.
This the _𝟚𝟙_ day of July, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE