IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-236-BO

PAUL B. HETZEL,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., TRG SETTLEMENT SERVICES, LLP d/b/a CCS CONVENIENT CLOSING SERVICES, TRUSTEE SERVICES OF CAROLINA, LLC, SELECT PORTFOLIO SERVICING, INC., and U.S. BANK NATIONAL ASSOCIATION as Trustee for Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006-A1

Defendants.

**ORDER**

This matter is before the Court on defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to strike the second amended complaint [DE 59] for failure to comply with Rule 15 [DE 68]. The motion is ripe for adjudication. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual and procedural background of this matter as recited in its order entered July 22, 2014 [DE 58]. The July 22, 2014 order allowed plaintiff to amend his complaint and granted some of defendants' motions to dismiss. [DE 58]. The Court dismissed US Bank and Trustee Services from this action and dismissed plaintiff's declaratory judgment claim and claim to enjoin foreclosure. The Court then allowed plaintiff to amend his complaint as desired and ordered him to file a second amended

complaint consistent with the Court's order. Defendant Chase now seeks to have that amended complaint struck as inconsistent with Rule 15 and this Court's order.

**DISCUSSION**

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The purpose of the motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues. The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike." *Godfredson v. JBC Legal Group, P.C.*, 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005) (citations omitted).

Chase argues that the second amended complaint filed at DE 59 should be struck because "the filed complaint differs from that attached complaint approved by the Court." [DE 69 at 3]. To support its argument, Chase relies on *Bogdan v. Housing Auth. of Winston-Salem*, 2006 U.S. Dist. LEXIS 94129 (M.D.N.C. Dec. 29, 2006). The Court notes that this unpublished case from another district in the Fourth Circuit is not binding on this Court and therefore does not lay out a path that must be followed in dealing with the instant matter. Chase's argument is summarized as follows. First, plaintiff submitted a proposed amended complaint with his motion to amend that contained certain factual allegations. Then this Court granted the motion to amend except as it pertained to two particular parties and claims. Then, plaintiff submitted a new second amended complaint that was not simply the proposed amended complaint minus the parts that this Court did not allow. This, in Chase's understanding constitutes a clear failure to follow this Court's directives regarding the motion to amend. The Court does not agree.

While it is normal course, upon the grant of a motion to amend, for the proposed amended complaint to be filed by the Clerk as the new amended complaint, this matter was not

one of normal course. Here there was a confusing mix of three separate motions to dismiss combined with a motion to amend that purported to cure the deficiencies highlighted by the motions to dismiss. In order to simplify the matter and to focus the arguments, the Court allowed plaintiff's motion to amend and, in order to mitigate any prejudice suffered by defendants due to the lateness of plaintiff's motion to amend, allowed defendants to file new motions to dismiss tailored to the new second amended complaint to be filed by plaintiff pursuant to the Court's order. In his motion to amend, plaintiff indicated that the intent of the proposed amendment was to plead additional facts regarding the circumstances surrounding the 2009 loan closing and his equitable estoppel claim. Indeed, the Court summarized the motion to amend as seeking such amendments. Therefore by pleading additional facts in regards to these items, plaintiff did not go outside of the Court's intent in granting the motion to amend. Although all of the factual allegations in the filed amended complaint were not included in the proposed amended complaint, this is of little consequence as the Court only granted the motion to amend in part, thereby requiring changes to the proposed amended complaint, and ordered the plaintiff to file a new second amended complaint consistent with the order. Notably the Court did not order plaintiff to merely file the proposed amended complaint minus the dismissed parties and claims. Further, plaintiff did not abuse the permission of the Court by adding additional claims which clearly would have been outside the scope of the Court's intent.

In short, the Court finds no good cause to strike the second amended complaint [DE 59] and denies Chase's motion to strike.

## CONCLUSION

For the foregoing reasons, defendant Chase's motion to strike is DENIED. .

SO ORDERED.

This the 27 day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE